John C. Brown (State Bar # 195804)
CORNERSTONE LAW GROUP
575 Market Street, Suite 3050
San Francisco, CA 94105
Phone: (415) 409-8600
Facsimile: (415) 520-0141
Email: jbrown@cornerlaw.com

Attorneys for defendants, QUIBIDS LLC, and QUIBIDS HOLDINGS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREAS FALLEY, an individual, JUNG KIM, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> QUIBIDS LLC, an Oklahoma limited liability company, <br> QUIBIDS HOLDINGS LLC, a Delaware limited liability company, <br> FLEX MARKETING GROUP LLC, a New York limited liability company, <br> and <br> DOES 1-100, <br><br> Defendants. | Case No. 3:16-cv-03744 <br><br> **ANSWER OF DEFENDANTS QUIBIDS LLC, AND QUIBIDS HOLDINGS LLC TO COMPLAINT OF PLAINTIFFS** <br><br> JURY TRIAL DEMANDED <br><br> Complaint Filed: April 13, 2015 <br> Trial Date: None Set |

For their Answer to the Complaint (the "Complaint") filed by Plaintiffs Andreas Falley ("Falley") and Jung Kim ("Kim") (together, "Plaintiffs"), Defendants QuiBids LLC and QuiBids Holdings, LLC (together, "Defendants") state as follows. Except as specifically

admitted below, Defendants deny each and every allegation of Plaintiffs' Complaint. Regarding each numbered and unnumbered paragraph of Plaintiffs' Complaint, Defendants further state as follows.

## I. NATURE OF THE ACTION

1. Defendants deny the allegations in paragraph 1 of Plaintiffs' Complaint.

2. Defendants admit they operate the website *quibids.com* and admit they contract with third party advertising networks. Defendants deny the remaining allegations in paragraph 2 of Plaintiff's Complaint, including those that are merely legal conclusions.

3. Plaintiffs' claims for damages speak for themselves and thus, Defendants need neither admit nor deny Plaintiffs' allegations regarding the same. Defendants deny that Plaintiffs are entitled to the relief they seek.

## II. PARTIES

4. Defendants deny that any unlawful email advertising on behalf of Defendants was received by Falley. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in paragraph 4 of Plaintiffs' Complaint and therefore deny the same.

5. Defendants deny that any unlawful email advertising on behalf of Defendants was received by Kim. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in paragraph 5 of Plaintiffs' Complaint and therefore deny the same.

6. Defendants admit that QuiBids, LLC is an Oklahoma limited liability company located in Oklahoma City, Oklahoma. Defendants are without sufficient information or

knowledge to form a belief as to the truth of the remainder of the allegations in paragraph 6 of Plaintiffs' Complaint and therefore deny the same.

7. Defendants admit that QuiBids Holdings, LLC is a Delaware limited liability company located in Oklahoma City, Oklahoma. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in paragraph 7 of Plaintiffs' Complaint and therefore deny the same.

8. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 8 of Plaintiffs' Complaint and therefore deny the same.

9. Defendants admit that Flex Marketing Group LLC advertised for them. Defendants deny the rest of the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10. Defendants deny the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. Defendants deny the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. Defendants are without sufficient information or knowledge to form a belief as to whether Plaintiffs are "actually informed and believe" any of the allegations in their Complaint, and Defendants therefore deny the same. The remaining allegations in paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

- 3 -
ANSWER **OF DEFENDANTS QUIBIDS LLC, AND QUIBIDS HOLDINGS LLC** TO PLAINTIFF'S COMPLAINT; 3:16-cv-03744

### III. JURISDICTION

13. Defendants deny Falley was harmed by the emails identified in the Complaint that were allegedly received by Falley. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in paragraph 13 of Plaintiffs' Complaint and therefore deny the same, including those that are merely legal conclusions.

14. Defendants deny Kim was harmed by any of the emails identified in the Complaint that were allegedly received by Kim. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in paragraph 14 of Plaintiffs' Complaint and therefore deny the same, including those that are merely legal conclusions.

15. Defendants admit they are not California citizens. Because Defendants lack knowledge or information as to the citizenship of Flex Marketing Group LLC or the ultimate identities of the remaining fictitious DOES 1-100, Defendants are without sufficient information or knowledge to form a belief as to whether there is complete diversity between the parties or whether subject matter jurisdiction in this Court is appropriate.

16. Defendants admit that, as pled, the claims alleged in the Complaint satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332(a).

### IV. INTRADISTRICT ASSIGNMENT

17. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 17 of Plaintiffs' Complaint and therefore deny the same, including those that are merely legal conclusions.

## V. THE UNLAWFUL SPAMS

**A.  The Emails at Issue are "Spams"[1]**

18.  Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 18 of Plaintiffs' Complaint and therefore deny the same.

19.  Exhibits A and B speak for themselves.  To the extent the allegations in Plaintiffs' Complaint contradict the information or items contained in Exhibits A and B, Defendants deny those allegations.  Because Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 18 of Plaintiffs' Complaint, Defendants also are without sufficient information or knowledge to form a belief as to the truth of the allegations that Exhibit A or B are "representative samples" of those allegations.  Accordingly, Defendants deny the allegations in paragraph 19 of Plaintiffs' Complaint.

20.  Defendants deny the allegations in paragraph 20 of Plaintiffs' Complaint.

**B.  Generic "From Names" Misrepresent *Who* is Advertising in the Spams and Violate Business and Professions Code § 17529.5(a)(2)**

21.  The text of Business & Professions Code § 17529.5(a)(2) speaks for itself.  To the extent Plaintiffs' characterizations of that provision contradicts its plain language or legally binding interpretations of the same, Defendants deny such characterizations.

22.  Defendants deny the allegations in paragraph 22 of Plaintiffs' Complaint.

---

[1] Defendants utilize the Complaint's headings for purposes of organization and clarity. Defendants deny any allegations contained in the Complaint's headings, including those that are merely legal conclusions.

23. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 23 of Plaintiffs' Complaint and therefore deny the same.

24. Defendants deny the allegations in paragraph 24 of Plaintiffs' Complaint.

25. Defendants deny the allegations in paragraph 25 of Plaintiffs' Complaint.

26. Defendants deny the allegations in paragraph 26 of Plaintiffs' Complaint.

27. Defendants deny the allegations in paragraph 27 of Plaintiffs' Complaint.

28. The opinion identified in paragraph 28 of Plaintiffs' Complaint speaks for itself and thus, Defendants need neither admit nor deny Plaintiffs' characterization of the same in paragraph 28 of their Complaint. To the extent a further answer is deemed necessary, Defendants deny the allegations in paragraph 28 of Plaintiffs' Complaint.

29. Defendants deny the allegations contained in paragraph 29 of Plaintiffs' Complaint.

**C.  Sending Domain Names Registered So As To Not Be Readily Traceable to the Sender Violate Business & Professions Code § 17529.5(a)(2)**

30. The text of Business & Professions Code § 17529.5(a)(2) and the legal opinion referenced in paragraph 30 speak for themselves and thus, Defendants need neither admit nor deny Plaintiffs' characterization of the same in paragraph 30 of their Complaint. To the extent a further answer is deemed necessary, Defendants deny the allegations in paragraph 30 of Plaintiffs' Complaint.

31. Defendants deny the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in paragraph 32 of Plaintiffs' Complaint and therefore deny the same.

### E. <u>Plaintiffs Sue for Statutory Liquidated Damages</u>

33. Defendants deny the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34. The terms of the statute referenced in paragraph 34 of Plaintiffs' Complaint speak for themselves and thus, Defendants need neither admit nor deny Plaintiffs' characterization of the same in paragraph 34 of their Complaint. To the extent a further answer is deemed necessary, Defendants deny the allegations in paragraph 34 of Plaintiffs' Complaint..

35. The terms of the statute referenced in paragraph 35 of Plaintiffs' Complaint speak for themselves and thus, Defendants need neither admit nor deny Plaintiffs' characterization of the same in paragraph 35 of their Complaint. To the extent a further answer is deemed necessary, Defendants deny the allegations in paragraph 35 of Plaintiffs' Complaint..

36. The allegations in paragraph 36 of the Complaint are legal conclusions, and as such no response is required. To the extent that a response is required, Defendants deny the allegations.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiffs' Complaint.

**F.     Defendants Are Strictly Liable for Spams Sent By Others**

41. Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Complaint, including those that are merely legal conclusions, and deny that the language in § 17529(j) and (k) imputes strict liability on Defendants.

42. Defendants deny the factual allegations of paragraph 42 of the Complaint. The rest of the statements are legal conclusions, and as such no response is required. To the extent that a response is required, Defendants deny the allegations.

## FIRST CAUSE OF ACTION

**[Violations of California Restrictions on Unsolicited Commercial Email, California Business & Professions Code § 17529.5(a)(2)]**
**(Against All Defendants)**

43. Defendants incorporate their responses to the foregoing paragraphs as if fully set forth herein.

44. Defendants deny the allegations in paragraph 44 of Plaintiffs' Complaint.

45. Defendants deny the allegations in paragraph 45 of Plaintiffs' Complaint.

46. The allegations in paragraph 46 of the Complaint are legal conclusions, and as such no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 46 of Plaintiffs' Complaint.

47. The allegations in paragraph 47 of the Complaint are legal conclusions, and as such no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 47 of Plaintiffs' Complaint.

48. The allegations in paragraph 48 of the Complaint are legal conclusions, and as such no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 48 of Plaintiffs' Complaint.

49. Defendants deny the allegations in paragraph 49 of Plaintiffs' Complaint).

50. The allegations in paragraph 50 of the Complaint are legal conclusions, and as such no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 50 of Plaintiffs' Complaint.

51. The allegations in paragraph 51 of the Complaint are legal conclusions, and as such no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 51 of Plaintiffs' Complaint.

52. The allegations in paragraph 52 of the Complaint are legal conclusions, and as such no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 52 of Plaintiffs' Complaint.

53. The allegations in paragraph 53 of the Complaint are legal conclusions, and as such no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 53 of Plaintiffs' Complaint.

54. The allegations in paragraph 54 of the Complaint are legal conclusions, and as such no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 54 of Plaintiffs' Complaint

55. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 55 of Plaintiffs' Complaint and therefore deny the same.

56. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 56 of Plaintiffs' Complaint and therefore deny the same.

57. The allegations in paragraph 57 of the Complaint are legal conclusions, and as such no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 57 of Plaintiffs' Complaint.

58. To the extent Exhibits A and B can be properly authenticated, they speak for themselves. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in paragraph 58 of Plaintiffs' Complaint and therefore deny the same.

59. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 59 of Plaintiffs' Complaint and therefore deny the same.

60. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 60 of Plaintiffs' Complaint and therefore deny the same.

61. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 61 of Plaintiffs' Complaint and therefore deny the same.

62. The allegations in paragraph 62 of the Complaint are legal conclusions, and as such no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 62 of Plaintiffs' Complaint.

63. The allegations in paragraph 63 of the Complaint are legal conclusions, and as such no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 63 of Plaintiffs' Complaint.

64. Defendants deny the allegations in paragraph 64 of Plaintiffs' Complaint.

65. The allegations in paragraph 65 of Plaintiffs' Complaint are a legal conclusion which Defendants need neither admit nor deny. To the extent a further answer is deemed necessary, Defendants deny the allegations contained in paragraph 65 of Plaintiffs' Complaint.

66. Defendants deny the allegations contained in paragraph 66 of Plaintiffs' Complaint, including those that are merely legal conclusions.

67. The allegations regarding the statute referenced in paragraph 67 of Plaintiffs' Complaint are a legal conclusion which Defendants need neither admit nor deny. To the extent a further answer is deemed necessary, Defendants deny such allegations. Defendants further deny Plaintiffs are entitled to fees and/or costs should they prevail.

68. The allegations in paragraph 68 of the Complaint are legal conclusions, and as such no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 68 of Plaintiffs' Complaint.

## **SECOND CAUSE OF ACTION**

**[Violations of California Restrictions on Unsolicited Commercial Email, California Business & Professions Code § 17529.5(a)(3)]**
**(Against All Defendants)**

69. Defendants hereby incorporate their responses to the foregoing paragraphs as if fully set forth herein.

70. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 70 of Plaintiffs' Complaint, including those that are merely legal conclusions, and therefore deny the same.

71. Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 71 of Plaintiffs' Complaint, including those that are merely legal conclusions, and therefore deny the same.

72. Defendants deny the allegations in paragraph 72 of Plaintiffs' Complaint, including those that are merely legal conclusions.

73. The allegations in paragraph 73 of the Complaint are legal conclusions, and as such no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 73 of Plaintiffs' Complaint.

74. Defendants deny the allegations in paragraph 74 of Plaintiffs' Complaint, including those that are merely legal conclusions.

75. The allegations regarding the statute referenced in paragraph 75 of Plaintiffs' Complaint are a legal conclusion which Defendants need neither admit nor deny. To the extent a further answer is deemed necessary, Defendants deny such allegations. Defendants further deny Plaintiffs are entitled to fees and/or costs should they prevail.

76. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 76 of Plaintiffs' Complaint and therefore deny the same, including those that are merely legal conclusions.

## **PRAYER FOR RELIEF**
### **(Jointly and Severally Against All Defendants)**

Defendants deny the allegations of the WHEREFORE clause of Plaintiffs' Complaint and deny that Plaintiffs are entitled to any relief requested therein.

## **AFFIRMATIVE DEFENSES**

By pleading the following affirmative and additional defenses, Defendants do not concede that each of the matters covered by the numbered defenses must be proven by Defendants. Defendants reserve their position that Plaintiffs retain the burden of proof on all matters necessary to state the claims asserted in their Complaint.

1. Plaintiffs' Complaint fails to state a claim against Defendants for which relief can be granted.

2. Defendants established and implemented, with due care, practices and procedures reasonably designed to effectively prevent unsolicited commercial e-mail advertisements in violation of § 17529.5.

3. Plaintiffs directly consented to receive the emails identified in their Complaint.

4. Plaintiffs have a preexisting business relationship or current business relationship with the defendants in this action.

5. Plaintiffs suffered no actual damages.

6. Any liability against Defendants is not joint and several.

7. Any harm suffered by Plaintiffs was caused by a source other than Defendants.

8. Plaintiffs' claims may be barred in whole or in part by applicable statutes of limitation, including Code of Civ. Proc. § 340(a) and Code of Civ. Proc. § 338(a) and/or the doctrines of estoppel, laches, or unclean hands.

9. Plaintiffs have failed to adequately preserve evidence relevant to this case.

10. Plaintiffs have spoliated evidence relevant to this case.

11. Plaintiffs lack standing to bring the claims asserted in the Complaint.

12. Plaintiffs have failed to join necessary and/or indispensable parties.

13. Plaintiffs' claims are preempted by federal statutes.

14. Defendants reserve the right to add additional affirmative defenses as additional facts become available to Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE Defendants request judgment in their favor on all of Plaintiffs' claims and requests for relief. In addition, Defendants request an order awarding them their reasonable fees and costs incurred in the defense of this matter and any other relief to which the Court determines defendants are entitled to receive.

WHEREFORE, Defendants pray that Plaintiff:

1. Take nothing by their complaint;

2. That said complaint be dismissed against these Answering Defendants with prejudice;

3. For the costs of suit incurred herein; and

4. For such other and further relief as the court may deem just and proper.

Dated: 10/10/16

_____
JOHN C. BROWN, Attorney for defendants

**DEMAND FOR JURY TRIAL**

Defendants QuiBids LLC and QuiBids Holdings, LLC hereby demand a trial by jury on all issues triable by a jury in the above-entitled action.

Dated: 10/10/16

_____
JOHN C. BROWN